UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIRGINIA WOOLFSON and MICHAEL STINSON, *on behalf of themselves and all other employees similarly situated*,<br><br>     *Plaintiffs*,<br><br>v.<br><br>CAREGROUP, INC., BETH ISRAEL DEACONESS MEDICAL CENTER, INC., BETH ISRAEL DEACONESS HOSPITAL – NEEDHAM, INC., MOUNT AUBURN HOSPITAL, NEW ENGLAND BAPTIST HOSPITAL, PAUL LEVY, LISA ZANKMAN, CAREGROUP, INC. 401K SAVINGS & INVESTMENT PLAN, and CAREGROUP VOLUNTARY 403B SAVINGS PLAN,<br><br>     *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:09-cv-11464<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER CONFIRMING CERTIFICATION OF CLASS AND COLLECTIVE ACTION, GRANTING FINAL APPROVAL TO SETTLEMENT, GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, AND GRANTING PLAINTIFF'S MOTION FOR SERVICE PAYMENTS**

On or about May 20, 2010, the parties to this action entered into a Settlement Agreement, and on May 24, 2010, they applied for preliminary approval of that agreement and the terms thereof. On June 1, 2010, this Court granted preliminary approval to the Settlement Agreement and provisionally certified the FLSA Collective Class and the Massachusetts Class under Rule 23 of the Federal Rules of Civil Procedure. As required by Rule 23, this Court subsequently directed that notice of the Settlement Agreement, its terms, and the applicable procedures and schedules be provided to proposed members of the Massachusetts Class. As also required by Rule 23, all Massachusetts Class Members were given an opportunity to object to the settlement and/or opt out of it.

On August 27, 2010, Plaintiffs filed a Motion for an Award of Attorneys Fees and a separate Motion for Award of Service Payments. Defendant did not oppose either motion. This Court held a final settlement approval hearing and heard Plaintiff's separate motions on September 8, 2010.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Settlement Agreement, and the proceedings in this action to date, as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. This Court confirms as final its preliminary certification of the Massachusetts Rule 23 Class ("Massachusetts Rule 23 Class"), as defined in the Settlement Agreement, and in Section 3 of the Court's June 1, 2010 Order, for purposes of settlement.

4. The Court confirms as final its preliminary designation of the FLSA Class as an FLSA collective action ("FLSA Collective Class"), as defined in the Settlement Agreement, and in Section 3 of the Court's June 1, 2010 Order, for purposes of settlement. The Court finds that certain individuals (including Named Plaintiffs) have opted in to this Class, and that these individuals are similarly situated for purposes of settlement.

5. The Court confirms as final the appointment of Plaintiff Virginia Woolfson and Michael Stinson (collectively "Named Plaintiffs") as class representatives of the Massachusetts Rule 23 Class and the FLSA Collective Class. The Court likewise confirms as final the appointment of Patrick J. Solomon and J. Nelson Thomas of Thomas & Solomon LLP as Class Counsel for the Massachusetts Rule 23 Class and the FLSA Collective Class.

6.  If, for any reason, this Order and the final judgment entered concurrently herewith do not become Final, this Order, including the certification of the Massachusetts Class under Rule 23 and the FLSA Class under 29 U.S.C. § 216(b), shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or any other papers filed with this Court in connection with the settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

7.  The Notice, Opt-Out Statement, and Claim Form and Individual Release provided to the Massachusetts Class Members, pursuant to this Court's June 1, 2010 Order, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law.

8.  This Court grants final approval to the Settlement Agreement and the settlement set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on the Named Plaintiffs, the other members of the FLSA Class, and all Massachusetts Class Members who did not timely opt out pursuant to the procedures set forth in this Court's June 1, 2010 Order and the Settlement Agreement. The Court specifically finds that the settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the plaintiffs and defendant, after thorough factual and legal investigation.

9. The Court finds the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which Settlement Payments are to be calculated and made to the Named Plaintiffs, the members of the FLSA Collective Class, and Massachusetts Rule 23 Class Members filing timely claims are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement Agreement. The Court finds that the reserve set aside for the costs of settlement administration is reasonable and is approved.

10. By operation of the entry of this Order, all claims described in Section 16 of the Settlement Agreement and in the Claim Form and Individual Release executed by members of the Massachusetts Rule 23 Class are fully, finally and forever released, relinquished and discharged. The Court has reviewed the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA and all other applicable law.

11. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to the Named Plaintiffs, the FLSA Class, and/or the Massachusetts Class, individually or collectively, liability being expressly denied by Defendant.

12. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement.

FURTHERMORE, IT IS HEREBY ORDERED, upon consideration of Plaintiffs' Motion for an Award of Attorneys' Fees, as well as Plaintiffs' brief, declarations, and oral argument in support of that motion, as follows:

13. An award of attorneys' fees in the amount of $2,805,000.00, which represents 33% of the total settlement amount, is approved. Such award is reasonable in light of the effort expended and risks undertaken by Class Counsel, and the results of such efforts including the ultimate recovery obtained.

FINALLY, IT IS HEREBY ORDERED, upon consideration of Plaintiffs' Motion for an Award of Service Payments, as well as Plaintiffs' brief, declarations, and oral argument in support of that motion, as follows:

14. The service payment to Named Plaintiffs Woolfson and Stinson in the amount of $5,000.00 and the service payment to the FLSA Collective Class, in the amount of $212.77. Together, such service payments total approximately $20,000.00 of the total settlement amount and are in addition to the amounts the Named Plaintiffs and the FLSA Collective Class will otherwise receive as their share of the recovery. Such service payment are to compensate these individuals for the risks borne in bringing the litigation and for the time and effort expended in assisting in the prosecution of the litigation and the ultimate recovery.

DATED: 9/13/10

Hon. Joseph L. Tauro
United States District Judge